**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Michael Stevenson, | Case No. 25-cv-1308-ECT-EMB |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Eischen, | |
| Respondent. | |

---

Petitioner Michael Stevenson filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., Dkt. No. 1). Stevenson's petition case is referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Because it appears that Stevenson has been afforded the relief he seeks in the petition, the case does not present a "case or controversy" within the meaning of Article III of the U.S. Constitution, and I recommend that the petition be denied as moot. *See, e.g., Newton v. Barnes*, No. 19-CV-1037-ECT/ECW, 2019 WL 2743712, at *1 (D. Minn. July 1, 2019).

## I. Background

Stevenson was convicted of a controlled-substances offenses in violation of 18 U.S.C. §§ 841 and 846. He was sentenced to 200 months of imprisonment. Stevenson alleges that he was eligible to earn time credits on

his sentence under the First Step Act ("FSA") when he began serving his sentence in 2019.

The FSA permits eligible federal prisoners who "participate in and complete evidence-based recidivism reduction programs" to earn time credits toward reducing their sentence, with the rate of accrual depending on the prisoner's risk of reoffending upon release. 18 U.S.C. § 3632(d). Up to twelve months of FSA credits may be applied towards shortening a person's overall sentence. Any remaining FSA credits beyond that cannot be used to shorten the prisoner's sentence but may be applied towards accelerating the date on which the prisoner would otherwise be eligible for prerelease custody—that is, a transfer out of prison and into a residential reentry center or home confinement.

In December 2024, Stevenson's Bureau of Prisons ("BOP") counselor advised him that his FSA status was being changed from "eligible" to "ineligible." (Pet. at 1.) Stevenson also was informed that he was being denied all FSA credits that he had earned up to that point. (*Id.*)

Stevenson filed this petition under 28 U.S.C. § 2241 to challenge the BOP's determination of this FSA eligibility and credits earned. (*Id.*)

After Stevenson filed his petition, the BOP made a new determination of Stevenson's eligibility and issued a new assessment of Stevenson's FSA time credits. (Gov't Resp., Dkt. No. 16 at 1–2.) The BOP's revised

determination shows that Stevenson is indeed eligible for FSA credits and has received the maximum allowable amount (365 days) of FSA credits toward early release as well as 580 time credits toward pre-release custody. (Gov't Resp., Dkt. No. 16 at 2; Bush Decl., Dkt. No. 17, at 2.)

The government contends that this is the entirety of the relief for which a prisoner is eligible under the FSA and the entirety of the remedy that Stevenson seeks. (Gov't Resp. at 2.) The government therefore urges the Court to dismiss Stevenson's petition as moot. (*Id.*)

The Court offered Stevenson the opportunity to file a reply brief responding to the Government's mootness argument. (Orders, Dkt. Nos. 5, 15.) Stevenson did not file a reply. (*See generally* Dkt.)

## II.    Discussion

"'Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.'" *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)); *see also* U.S. Const. art. III, § 2, cl. 1. "'When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot.'" *Id.* (quoting *Haden*, 212 F.3d at 469) (cleaned up). And when a case becomes moot, a federal court cannot "address the merits because any opinion [the

court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

Here, after Stevenson filed his petition challenging his FSA eligibility determination, the BOP re-determined his status and found that he was eligible to receive the full scope of time credits available under the FSA. The government submitted documentation showing that all available FSA time credits have been applied to Stevenson's sentence. (*See* Exhs. B and C to Bush Decl., Dkt. Nos. 17-2 and 17-3.) This was the relief that Stevenson sought in his habeas petition. Thus, the matter raised in the petition has been resolved, the case or controversy is moot, and the Court "can no longer grant effective relief." *Ali*, 419 F.3d at 723.

Still, a court shouldn't dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-cv-02124-DSD-HB, 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir.

2002)), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of these exceptions applies here.

First, Stevenson has not identified any cognizable collateral consequences from BOP's initial, incorrect determination.  And there is no evidence that BOP made its initial, incorrect determination to preclude judicial review or otherwise in bad faith.  *Cf. Scheper v. Rios*, 19-cv-402-MJD-ECW, 2020 WL 4060729, at *3 (D. Minn. June 5, 2020) (determining exception did not apply where petitioner did not identify cognizable collateral consequences arising from the fact that he was not released as quickly as he thought he should have been), *report and recommendation adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020).  The first exception therefore does not apply.

The second exception—for a wrong capable of repetition yet evading review—only "applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [the petitioner] will be subjected to the same action again."  *In re Search Warrants*, 487 F.3d at 1193.  That narrow exception is not present. Here, there is nothing remaining to litigate in this case.  *See Ahmed*, 2017 WL 3267738, at *3 ("Because there is nothing further to litigate in Petitioner' s case, [this] situation does not apply.").  Stevenson would be able to bring a

new habeas petition under a new set of facts and circumstances should he believe a future re-calculation of his FSA time credits is required. Thus, the second exception also does not apply.

Third, the "voluntary cessation of illegal conduct can be resumed" exception does not apply. This exception exists to prevent a defendant from engaging in "strategies" whereby challenged conduct is suspended after being sued and then renewed after the defendant has won a dismissal. *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) ("A live case or controversy cannot be so easily disguised, and a federal court's constitutional authority cannot be so readily manipulated."). Here, there is no indication that the government's redetermination of Stevenson's FSA eligibility and time credits was part of a strategy to lure the Court into an improper dismissal. The BOP has already deemed Stevenson eligible for FSA time credits and applied the earned credits to his sentence. It would thus be "impossible for the government to repeat the *same* unlawful conduct that [Stevenson] challenged." *Kargbo v. Brott*, No. 15-cv-2713-PJS-LIB, 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (emphasis in original). If the BOP were somehow to make a new determination of ineligibility or remove credits, it would necessarily be under new facts and circumstances. In that event, Stevenson would have the ability to bring a new habeas petition. The third exception is thus inapplicable.

Finally, the fourth exception does not apply because Stevenson filed his petition on behalf of himself as an individual, not on behalf of a class of individuals. *Ahmed*, 2017 WL 3267738, at *3.

In short, the Court cannot grant effective relief in this case as Stevenson has been afforded the relief he seeks. None of the exceptions to the mootness doctrine applies. Accordingly, the Court recommends dismissal of the Petition as moot.

## III.   Recommendation

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner Stevenson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) be **DENIED AS MOOT**.

2. This case be **DISMISSED WITH PREJUDICE**.

Dated: February 25, 2026           */s/ Elsa M. Bullard*_____
                                    Elsa M. Bullard
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.

7

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).